FRIESTEDT et al. v. NATIONAL INTERLOCKING STEEL SHEETING CO.

(Circuit Court, N. D. Illinois, N. D. October 5, 1910.)

No. 29,004.

PATENTS (§ 328*)—INFRINGEMENT—SHEET PILING.

The Friestedt patent, No. 707,837, for a sheet piling, construed narrowly, as it must be in view of the prior art, *held* not infringed.

In Equity. Suit by Luther P. Friestedt and the Carnegie Steel Company against the National Interlocking Steel Sheeting Company. On final hearing. Decree for defendant.

Bakewell & Byrnes (George P. Fisher, of counsel), for complainant.

Linthicum, Belt & Fuller (Charles C. Linthicum and Rudolph Wm. Lotz, on the brief), for defendant.

KOHLSAAT, Circuit Judge. Complainant seeks to enjoin infringement by defendant of claims 1 to 5 of patent No. 707,837, granted to complainant Friestedt August 26, 1902, for improvements in sheet piling. The claims in suit read as follows, viz.:

"1. A metal sheet piling, comprising a series of beams having interlocking flanged edges and joined together in the relative alternating position shown, and presenting a single wall at all points, substantially as set forth.

"2. A metal sheet piling, comprising a series of channel beams having engaging interlocking flanged edges, the joining faces of said flanges being beveled and which draw together with a wedging action as the beams are assembled in their alternating position in forming a structure presenting a single wall at all points, substantially as set forth.

"3. A metal sheet piling, composed of channel beams, joined edgewise and having the back and face sides thereof positioned alternately with reference

to each other, and presenting a wall structure of a single thickness at all points, substantially as set forth.

"4. A metal sheet piling, composed of beam sections assembled edgewise and presenting a single wall at all points, and means for locking said beams together, substantially as set forth.

"5. In metal sheet piling, the combination with a series of channel beams positioned alternately and interlocked along their flanged edges in continuous order of succession, of an angle Z-bar joining and bracing the beam sections, substantially as set forth."

The device of the patent as disclosed in the specification and drawings consists of channel bars alternated and overlapping each other at their side edges, so that one flange of each channel bar lies in contact on its inner face with the inner face of a flange of the next adjacent channel bar, and is held in such position by means of a Z-bar riveted to the inner face of the web of one of the channel bars and engaging the outer faces of the flange and web of the contiguous channel bar; the Z-bars extending the entire length of the channel bars to which they are secured. Alternate channel bars are provided with Z-bars, one of the latter being disposed adjacent, each flange and the next adjoining channel bar being devoid of Z-bars or being also fitted with the same. The claims, it will be observed, all terminate with the statement, "substantially as set forth." Although the language of some of them might be construed as covering a wider range of devices, it is deemed proper, in view of the condition of the piling prior art, to limit the invention to the disclosures of the specification and drawings. These, in substance, describe a piling arrangement of channel and Z or angle irons substantially as follows, viz.:

Complainants assert that the patent calls for standard commercial beams and Z-bars. Further than the inference to be drawn from the terms channel beams and Z-bars of the claims and the teaching of the specification and drawings, there is no suggestion in the patent that standard and commercial rolled or steel beams and bars are required. On the contrary, the specification says: "The channel beams, braces, and tie plates can be produced in any desired shape required." This feature, however, does not seem to bear particularly upon the question of invention, and need not be pursued.

Defendant contends that the patent is invalid in view of the prior art; but insists further that, even if validity be granted, there has been an abandonment of whatever invention may be found to reside in the claims in suit.

The art is as old as man's need for its application. The evidence deals with piling made of wood, cast iron, steel, and wrought iron. If there is anything new in the patent in suit, it must be found in

the manner of binding the sheeting or piling material together so as to form a continuous wall. This was accomplished with wood in various ways. The timbers were grooved and dovetailed so as to interlock. Iron or other fabricated interlocking devices were used to take the place of the fitting edges cut out of the timbers and thereby avoid the waste of the timber. Wakefield bolted three planks together in so-called staggered relation thus:

—whereby it will be seen a tongue and groove were created without cutting away the wooden beam. Then came cast iron, which held the field. up to the time when rolled iron or steel beams became available.

The consideration of the various piling interlockings is of importance in this suit, and therefore the drawings of some of the several devices prior to Friestedt are set .forth, as follows, viz.:

Mathews' piling invented prior to 1822 (cast iron):

Ewart patent, 1822:

Device from Allgemeine Bauzeitung, 1855:

Dowson patent, 1863:

Seeley patent, 1865:

Dodge patent, 1870:

Reeves patent, 1880:

Chapman patent, 1874:

Herron patent, 1885:

Gregson patent, 1889:

Boult patent of 1891:

Simon patent, 1893:

The foregoing sufficiently disclose the methods pursued prior to Friestedt. Some of them relate to cast iron and some to rolled steel or iron. Of them all, Boult seems nearest to the device of the patent in suit. He forms a locking socket by the use of Z-bars upon the web of a channel bar. It is true the flanged member is not a beam, but the device clearly shows a locking socket formed by the flange of the channel bar and the Z-bar. Boult employs an I-beam, but that is simply a double channel bar or beam. It cannot be claimed that there would be invention in advancing the Z-bar toward the channel-beam flange so as to embrace and hold the flange of an adjacent channel beam instead of the large box-like flange of Boult. At least the patentable novelty of such a device must be extremely narrow and confined to the combination of details employed.

With regard to the abandonment, it is alleged by complainants that the device of the patent was employed by Friestedt something over two years prior to the date of filing his application. It is not clear that this was a sufficiently public use to bring complainant within the law of abandonment. The sections were driven into the ground, and therefore exposed only to the employés. While this has been held in some cases to amount to a public use, it is not deemed necessary here to hold that such was the case with the device of the patent in suit—especially since the time elapsed was so short. It will also be remembered that complainants assert that the use was experimental, although it is difficult to see how it could have been less than a complete invention after it proved to be a success, if such it was.

In many respects defendant's piling differs from that of complainant: Two clips take the place of the full length interlocking method of complainants. The locking clips of defendant are separate cast-iron pieces which are applied to the channel or other beams, the one before and the other after it is in position or partly so. The clip is

not integral or in rigid connection with the beam, and does not require any mutilation of the beam—a very material feature. It cannot be rolled. It is made to fit closely so that it may remain in position—hugging the edges of the beams, as it were. It does not come so near infringing Friestedt as the latter does Boult, Simon, and some of the other prior art devices.

Construing the patent in suit in the light of the evidence as to the prior art, it is clear that defendant does not infringe.

The bill is therefore dismissed for want of equity.