FRIESTEDT et al. v. NATIONAL INTERLOCKING STEEL SHEETING CO.

(Circuit Court of Appeals, Seventh Circuit.   January 2, 1912.)

No. 1,805.

PATENTS (§ 328*)—INFRINGEMENT—SHEET-PILING.
   The Friestedt patent, No. 707,837, for a metal sheet-piling, held not infringed by piling built under the Nye patents, Nos. 860,053 and 877,588.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by Luther P. Friestedt and the Carnegie Steel Company against the National Interlocking Steel Sheeting Company. Decree for defendant (182 Fed. 836), and complainants appeal. Affirmed.

Reversal is sought of the Circuit Court decree which dismissed for want of equity appellants' bill for infringement of patent No. 707,837, August 26, 1902. to Friestedt, for improvements in sheet-piling.
   Claims in suit were the following:
   "1. A metal sheet-piling, comprising a series of beams having interlocking flanged edges and joined together in the relative alternating position shown, and presenting a single wall at all points, substantially as set forth.
   "2. A metal sheet-piling, comprising a series of channel-beams having engaging interlocking flanged edges, the joining faces of said flanges being beveled and which draw together with a wedging action as the beams are assembled in their alternating position in forming a structure presenting a single wall at all points, substantially as set forth.
   "3. A metal sheet-piling, composed of channel-beams joined edgewise and having the back and face sides thereof positioned alternately with reference to each other, and presenting a wall structure of a single thickness at all points, substantially as set forth.
   "4. A metal sheet-piling, composed of beam-sections assembled edgewise and presenting a single wall at all points, and means for locking said beams together, substantially as set forth.
   "5. In metal sheet-piling, the combination with a series of channel-beams positioned alternately and interlocked along their flanged edges in continuous order of succession, of an angle Z-bar joining and bracing the beam-sections, substantially as set forth."
   The decision of the Circuit Court is reported in 182 Fed. 836.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep't Indexes

Clarence P. Byrnes, for appellants.
Charles C. Linthicum, for appellee.

Before BAKER and SEAMAN, Circuit Judges, and ANDERSON, District Judge.

BAKER, Circuit Judge (after stating the facts as above). In the Circuit Court's opinion 13 cuts are reproduced from prior patents and publications. These elder disclosures show that the art of sheet-piling is quite old; that various forms of sheet members had been employed; that numerous interlocks for holding the sheet members together had been devised; and that wood, cast iron, wrought iron, and rolled steel, as their use developed in the arts generally, were successively brought in as the materials for this art.

A pioneer character is urged for the patent on the claim that Friestedt was the first to make a practical single-wall piling out of the standard forms of rolled steel as they come from the mills, using the I-beams or the channel beams for the sheet members and the Z-beams for the interlock. But primacy cannot be allowed to Friestedt for the single-wall idea. That was the common structure. And sheet-pilings of cast iron, with a variety of integral and also separate interlocks, were old. We grant, of course, that the inventive faculty may be brought into play in the selection of materials as well as in the determination of the forms into which materials shall be put. But Boult and Simon had already shown the use of I-beams and channel beams for piling, and Boult the attaching of Z-beams to the web of I or channel beams to form the female member of the interlocking means. So we quite agree with the Circuit Court that Friestedt's patent can validly cover no more than his departure from Boult and Simon.

Whether Friestedt's somewhat different way of bringing the I or channel beams and the Z-beams together into a piling completed at the factory involved invention or only an obvious mechanical adaptation of the prior art we need not determine, for in our judgment appellee's interlocking means for sheet-piling, built under Nye's patents No. 860,053, July 16, 1907, and No. 877,588, January 28, 1908, would not infringe the Friestedt claims if valid. Appellee does not make a piling completed at the factory. A contractor may buy where he will the I or channel beams of commerce. From appellee he need get only special castings in the form of clamps. Then, according to the teachings of Nye's patents, he drives an I or channel beam. On the bottom of the next beam he fixes (clothes-pin wise) appellee's casting, which has a sharp edge for driving and also at the side a rigid clasp for slipping over and engaging the adjacent flange of the driven beam. As the second beam is being driven, this clasp guides it, and, when the two beams are in place, forms an interlock at the bottom. After the second beam is started, another casting (without the driving edge) is straddled upon the top of the first beam, and its clasp engages the adjacent flange of the second beam, serves as an additional guide during the driving, and, when the driving is finished, may be left (or not, as the contractor sees fit) as an interlock at the top. Now the Fries-

tedt patent is for a fabricated piling, a piling built up from I or channel beams with Z-beams bolted to the web to form the interlocking means. It contains no suggestion of a separate casting by means of which a contractor may take the untouched beams of commerce and drive, guide, and hold them in place. We find no infringement, first, because the Z-beam or its equivalent (beyond the general result of interlocking) is not used by appellee; second, and more important, because Nye in using the prior art teachings of Boult and Simon took no instruction from Friestedt, but conceived and developed an independent departure of his own.

The decree is affirmed.