GEORGE W. JACKSON, Inc., v. FRIESTEDT INTERLOCKING CHANNEL BAR CO. et al.

(Circuit Court of Appeals, Seventh Circuit.    January 2, 1912.)

No. 1,813.

PATENTS (§ 328*)—INFRINGEMENT—SHEET-PILING.

The Simon patent, No. 500,780, for a metal sheet-piling, is limited to a piling in which a hollow beam forms interlocking means, and is not infringed by the device of the Friestedt patent No. 707,837.

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit in equity by George W. Jackson, Incorporated, substituted for the Interlocking Steel Sheeting Company against the Friestedt Interlocking Channel Bar Company and Luther P. Friestedt.  Decree for defendants (182 Fed. 398), and complainant appeals.  Affirmed.

See, also, 159 Fed. 496.

Appellant's bill for infringement of patent No. 500,780, July 4, 1893, to August Simon, for improvements in piling, was dismissed for want of equity.

A general description of the invention is given in the specification:

"My invention comprises an improved form of beam or girder combined with special irons for connecting a series of such beams together, the beams with their connecting irons being employed as piles, or in the construction of any structure whatsoever in which metal girders and beams may be advantageously employed.

"The pile consists of hollow iron beams with two long longitudinal slots the one opposite the other and I or other shaped irons combined in such a way that the latter alternate with the beams, the flanged extremities of the irons fitting in the slots of the beams and having some play therein while being inclosed and held firmly by the said beams."

Claims of the patent are these:

"1. In combination the hollow beams having slots extending longitudinally thereof and the flanged connecting irons adapted to pass through said slots with their flanges inclosed by the beams, substantially as described.

"2. In combination the hollow beam comprising an angle iron and, its opposing part arranged to leave longitudinal slots along its sides, the transverse connecting means to hold the angle iron and its opposing part together to form the hollow slotted beam and the flanged connecting iron, the flanges of which are fitted to the space between the slotted side of the beam and the transverse connections, substantially as described."

The opinion of the Circuit Court is reported in 182 Fed. 398.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George L. Wilkinson and Thomas F. Sheridan, for appellant.

John G. Elliott, for appellees.

Before BAKER and SEAMAN, Circuit Judges, and SANBORN, District Judge.

BAKER, Circuit Judge (after stating the facts as above). In Friestedt v. National Interlocking Steel Sheeting Company, 195 Fed. 757, herewith decided, we reviewed briefly the piling art and referred to the more extended exposition thereof in the Circuit Court's opinion reported in 182 Fed. 836. Our study of the prior art convinces us that the principal patentable novelty (if any) of the Simon structure lay in the "hollow beam" as the interlocking means by which two I or channel beams could be united into piling. If invention was also exercised in choosing the I and channel beams of commerce as the material for the sheet members, the result would be the same as if the "hollow beam" were the only novel feature, because each claim of the patent makes the "hollow beam" an indispensable element. So infringement can be found only in those pilings which use a hollow beam, substantially like that described in the patent, as the means for interlocking the sheet members.

Appellees' piling is made under Friestedt's patent No. 707,837, considered in the other case. Its interlocking means is a slot, formed by bolting a Z-beam upon the web of a channel beam near its flange, into which the flange of a second channel beam may be slidden and be held. This is essentially the old and common interlocking tongue and groove. Such a construction cannot properly in our judgment be held the substantial equivalent of the "hollow beam" of the patent.

The decree is affirmed.